IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE SCOTTS COMPANY LLC<br>14111 Scottslawn Road<br>Marysville, Ohio 43041 | : <br> : <br> : | CASE NO. 2:15-CV-1120 <br><br> (JUDGE _____) |
| and | : | |
| OMS INVESTMENTS, INC.<br>10250 Constellation Boulevard, Suite 2800<br>Los Angeles, California 90067-6228, | : <br> : <br> : | **COMPLAINT** |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| BUGS-B-GONE, LLC<br>14411 Windchime Lane<br>Orlando, Florida 32837 | : <br> : <br> : | |
| SCIENTIFIC ENVIRONMENTAL<br>PRODUCTS, LLC<br>14411 Windchime Lane<br>Orlando, Florida 32837 | : <br> : <br> : <br> : | |
| WILLIAM P. RIEGERT<br>14411 Windchime Lane<br>Orlando, Florida 32837 | : <br> : <br> : | |
| KAREN E. RIEGERT<br>14411 Windchime Lane<br>Orlando, Florida 32837, | : <br> : <br> : | |
| Defendants. | : | |

## INTRODUCTION

This is an action to enjoin and recover damages for Defendants' use of Plaintiffs' intellectual property, which is protected under both federal and state law. Specifically, Plaintiffs The Scotts Company LLC ("Scotts") and OMS Investments, Inc. ("OMS") (collectively

"Plaintiffs") file this Complaint against Defendants Bugs-B-Gone, LLC, Scientific Environmental Products, LLC, William P. Riegert, and Karen E. Riegert (collectively "Defendants") for: (I) federal trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (II) federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (III) violation of the Anti-Cybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (IV) federal dilution in violation of Sections 32(1) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(c); (V) trademark infringement and unfair competition in violation of Ohio Rev. Code §§ 4165.02 and 4165.03; and (VI) dilution in violation of Ohio common law.

## SUMMARY OF DEFENDANTS' INFRINGING ACTS

1. Scotts, headquartered in Ohio for over 145 years, is the world's largest marketer of branded consumer lawn and garden products, including pest-control products. Scotts owns some of the industry's most recognized brands and trademarks for certain product lines, including pest-control products that have been marketed continuously for over sixteen years under Scotts' famous and distinctive BUG B GON® mark and related marks, which have been registered with the United States Patent and Trademark Office.

2. Scotts seeks relief from this Court because Defendants have caused, and continue to cause, irreparable harm to Scotts' BUG B GON® mark and related marks. Despite actual and constructive knowledge of Scotts and its BUG B GON® mark and related marks, Defendants have adopted and are using "Bugs-B-Gone" with a line of pest-control and related products, including but not limited to pest-control insecticides, sprayers, spritzers, and kits. Additionally, despite Defendants' knowledge of Scotts and its BUG B GON® mark and related marks, Defendants, with a bad faith intent to profit, registered and/or are using the confusingly

similar and dilutive <bugsbgone.org>, <bugs-b-gone.com>, <bugs-b-gone.org>, and <bugs-b-gone.info> domain names.

3. Defendants' use of "Bugs-B-Gone" in connection with its products, promotions, company name, and domain names, copies from Scotts' BUG B GON® mark and related marks; creates a likelihood of confusion among consumers; trades upon the goodwill that Scotts has developed through decades of investment in, and promotion of, its marks and products; and infringes and dilutes Scotts' BUG B GON® mark and related marks.

4. Defendants benefit from this confusion and dilution as their products enjoy undeserved recognition from being wrongly associated with Scotts' famous marks and products, while Scotts' goodwill and reputation are irreparably harmed.

5. Scotts has notified Defendants of its prior trademark rights and, despite such notice, Defendants have refused to stop using "Bugs-B-Gone."

6. Unless Defendants are enjoined from further infringement and dilution, Scotts will continue to be irreparably harmed.

## THE PARTIES

7. Plaintiff The Scotts Company LLC is an Ohio limited liability company with its principal place of business at 14111 Scottslawn Road, Marysville, Ohio 43041. The Scotts Company distributes products under the BUG B GON® mark and related marks throughout the United States.

8. Plaintiff OMS Investments, Inc. is a Delaware corporation with an address at 10250 Constellation Boulevard, Suite 2800, Los Angeles, California 90067-6228. OMS, an

affiliate of The Scotts Company LLC, holds various intellectual property assets used by The Scotts Company LLC, including the BUG B GON®, BUG-B-GON®, and BUG B GON MAX® marks, as well as other marks, in the United States.

9. Defendant Bugs-B-Gone, LLC is a Delaware limited liability company with its principal place of business at 14411 Windchime Lane, Orlando, Florida 32837. Upon information and belief, Defendant Bugs-B-Gone, LLC is the distribution company for the pest-control and related products of Defendant Scientific Environmental Products, LLC.

10. Defendant Scientific Environmental Products, LLC is a Florida limited liability company with its principal place of business at 14411 Windchime Lane, Orlando, Florida 32837. Upon information and belief, Defendant Scientific Environmental Products, LLC makes and sells pest-control and related products.

11. Defendant William P. Riegert is a citizen of Florida residing at 14411 Windchime Lane, Orlando, Florida 32837, and, upon information and belief, co-owns Defendant Bugs-B-Gone, LLC and Defendant Scientific Environmental Products, LLC.

12. Defendant Karen E. Riegert is a citizen of Florida residing at 14411 Windchime Lane, Orlando, Florida 32837, and, upon information and belief, co-owns Defendant Bugs-B-Gone, LLC and Defendant Scientific Environmental Products, LLC.

**JURISDICTION AND VENUE**

13. This Court has original jurisdiction over Counts I, II, III and IV of this Complaint pursuant to 15 U.S.C. § 1121, in that they arise under the Lanham Act (15 U.S.C. § 1114 and 15 U.S.C. § 1125); pursuant to 28 U.S.C. § 1338(a); and pursuant to 28 U.S.C. §

1331, in that they arise under the laws of the United States. Count I states a claim for federal trademark infringement in violation of Section 32 of the Lanham Act. 15 U.S.C. § 1114. Counts II and III state claims for federal unfair competition and cybersquatting, respectively, in violation of Section 43 of the Lanham Act. 15 U.S.C. § 1125. Count IV states a claim for federal dilution in violation of Sections 32 (15 U.S.C. § 1114(1)), and 43(c) (15 U.S.C. § 1125(c)), of the Lanham Act.

14. This Court has supplemental jurisdiction over Counts V and VI of this Complaint pursuant to 28 U.S.C. § 1338(b), and the principles of supplemental jurisdiction as provided in 28 U.S.C. § 1367. Count V states a claim for trademark infringement and unfair competition in violation of Ohio Rev. Code §§ 4165.02 and 4165.03. Count VI states a claim for dilution in violation of Ohio common law.

15. Pursuant to Ohio Rev. Code § 2307.382, Defendants are subject to personal jurisdiction here because, upon information and belief, Defendants transact business, solicit business, and/or contract to supply goods in Ohio, including in this District. Defendants own and/or operate an interactive website, using the infringing domain name <bugsbgone.org>, to promote and sell their products to commercial and residential consumers in a variety of locations, including this District.

16. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is appropriate in this District and Division. Defendants are subject to personal jurisdiction here, as alleged above, and the misconduct giving rise to Scotts' claims, in substantial part, is occurring here because, upon information and belief, Defendants are marketing, promoting, offering and selling infringing products in this District, via an interactive website using the infringing domain name

<bugsbgone.org>, which misconduct has caused Scotts to suffer irreparable harm in this District and Division.

## FACTS COMMON TO ALL COUNTS

17. Scotts is the world's leading supplier and marketer of consumer products for consumer and do-it-yourself lawn, garden care, and pest control.

18. Scotts owns many of the most recognizable brands in the lawn, garden and pest control markets, including the BUG B GON® mark and related marks, which have been in continuous use for over sixteen years.

19. One of the distinctive elements of Scotts' BUG B GON® mark is the combined use of three words ("bug," "b," and "gon") that feature unconventional grammar and spelling. Given the success of its BUG B GON® brand and product line, Scotts has sought protection of the BUG B GON® mark and related marks, including BUG-B-GON® and BUG B GON MAX®, all of which include the combined use of three words ("bug," "b," and "gon") featuring the same unconventional grammar and spelling.

20. Scotts advertises and promotes its BUG B GON® products and services in a variety of media, including television, radio, print, point-of-purchase, the Internet, social media, and other media.

21. Through decades of successful use, promotion, and marketing, the BUG B GON® mark and related marks, in addition to being inherently distinctive, have for many years enjoyed strong secondary meaning and been famous.

22. Scotts has invested significant time and resources to obtain registrations of the Bug B Gon® mark, and related marks, in the U.S. and abroad. OMS's U.S. registrations of the BUG B GON® mark and related marks include the following:

| Mark and Registration Number | Goods/Services | Filing Date | Registration Date |
|---|---|---|---|
| BUG-B-GON 2,073,033 | Pest-control product | April 20, 1995 | June 24, 1997 (OMS was assigned all rights to the Bug-B-Gon mark in January 1999) |
| BUG B GON MAX 2,907,105 | Pest-control product | June 25, 2003 | November 30, 2004 |
| BUG B GON MAX 2,980,869 | Pest-control product | December 2, 2003 | August 2, 2005 |
| BUG B GON 4,198,679 | Pest-control product | May 22, 2007 | August 28, 2012 |
| B GON 4,268,320 | Pest-control product | June 22, 2012 | January 1, 2013 |

23. All of the foregoing BUG B GON® registrations are valid and subsisting, and they give OMS a presumption of nationwide exclusive rights in all of the registered marks with all of the goods and services identified in the registration certificates. In addition, some of the foregoing registrations have become incontestable under Section 33(b) of the Lanham Act, making them "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce . . . on or in connection with the goods or services specified in the affidavit." 15 U.S.C. § 1115(b). OMS has not disclaimed exclusive rights in the BUG B GON® elements in any of the foregoing registrations.

7

24.     The BUG B GON® mark and related marks are among Scotts' most valuable assets, and Scotts must protect them against infringement and dilution.

25.     After Scotts began using its BUG B GON® mark and related marks, after those marks became famous, and after the marks were federally registered, Defendants began using Bugs-B-Gone, LLC as the name of the distribution company that markets their line of pest-control and related products, many of which incorporate "Bugs-B-Gone" on their containers and other packaging material or literature, and using <bugsbgone.org> as their domain name.

26.     Defendants chose Bugs-B-Gone with actual knowledge of Scotts' prior BUG B GON® mark and related marks. Defendants also had constructive knowledge of the previously registered BUG B GON® mark and related marks.

27.     Defendants' use of Bugs-B-Gone is confusingly similar to Scotts' prior BUG B GON® mark and related marks. Defendants' use of Bugs-B-Gone is virtually identical to Scotts' BUG B GON® mark, simply pluralizing the first word and using the conventional spelling for the last word, while retaining Scotts' unconventional spelling of the distinctive middle word and unconventional grammar that combines the three words.

28.     Defendants use Bugs-B-Gone on and in connection with a range of pest-control and related products, many of which are similar and related to pest-control products that Scotts sells under its prior BUG B GON® mark. Defendants' similar and related Bugs-B-Gone products include pest-control insecticides, sprayers, spritzers, kits, and other merchandise.

29. Scotts has provided Defendants with written notice of its rights in the BUG B GON® mark and related marks, and of Defendants' infringement and dilution of its marks, and Scotts has requested that Defendants stop using Bugs-B-Gone.

30. Defendants have refused to stop using Bugs-B-Gone. Unless this Court enjoins Defendants, their intentional infringement and dilution will continue, deceiving consumers and harming Scotts and its trademark rights.

31. Defendants' use of Bugs-B-Gone creates a likelihood of confusion and dilution with Scotts' prior, federally registered, and famous BUG B GON® mark and related marks. Defendants' infringement and dilution of Scotts' marks are deceiving and confusing to consumers, blur the distinctiveness of the Scotts' marks, and tarnish the marks.

### DEFENDANTS' ACTS VIOLATE THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

32. After Scotts began using its BUG B GON® mark and related marks, after those marks became famous, and after the marks were federally registered, upon information and belief, Defendants registered and used the <bugsbgone.org> domain name with bad faith intent to profit. The <bugsbgone.org> domain name is confusingly similar to and dilutive of Scotts' famous BUG B GON® mark and related marks. Upon information and belief, Defendants' sole purpose in registering the domain name was to divert consumers of Scotts' famous pest-control products to Defendants' website, where Defendants market their own pest-control products.

33. After Scotts began using its BUG B GON® mark and related marks, after those marks became famous, and after the marks were federally registered, Defendants registered at least three other domain names, <bugs-b-gone.com>, <bugs-b-gone.org>, and <bugs-b-

9

gone.info>, with bad faith intent to profit. The <bugs-b-gone.com>, <bugs-b-gone.org>, and <bugs-b-gone.info> domain names are confusingly similar to and dilutive of Scotts' famous BUG B GON® mark and related marks.

34. Scotts has provided Defendants with written notice of its prior rights in the BUG B GON® mark and related marks, and it has requested that Defendants stop using the <bugsbgone.org> domain name, and to relinquish registration of the <bugsbgone.org>, <bugs-b-gone.com>, <bugs-b-gone.org>, and <bugs-b-gone.info> domain names.

35. Defendants refused to stop using the <bugsbgone.org> domain name, and to relinquish registration of the <bugsbgone.org>, <bugs-b-gone.com>, <bugs-b-gone.org>, and <bugs-b-gone.info> domain names. Unless this Court enjoins Defendants from using these domain names, and orders the transfer of the domain names to Plaintiffs under 15 U.S.C. § 1125(d)(1)(C), Defendants' acts of cybersquatting will continue.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT

36. Scotts repeats the allegations in paragraphs 1 through 35 of this Complaint as though fully set forth here.

37. Defendants, without the consent of Scotts, have used and continue to use in commerce a reproduction, counterfeit, copy, or imitation of Scotts' federally registered BUG B GON® mark and related marks in connection with the sale, offering for sale, distribution, and/or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

38. Defendants, without the consent of Scotts, have reproduced, counterfeited, copied, or imitated, and are continuing to reproduce, counterfeit, copy, or imitate, Scotts' federally registered BUG B GON® mark and related marks and apply such reproduction, counterfeit, copy, or imitation to labels, signs, prints, packages, wrappers, receptacles, websites, domain names, and/or advertisements intended to be used in commerce or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act. 15 U.S.C. § 1114(1)(b).

39. Defendants have derived, and continue to derive from the alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts of infringement were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the acts of infringement alleged in this Complaint, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

40. By reason of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm, and, unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

## COUNT II:
## FEDERAL UNFAIR COMPETITION

41. Scotts repeats the allegations in paragraphs 1 through 40 of this Complaint as though fully set forth here.

42. Scotts' BUG B GON® mark and related marks are distinctive, have acquired secondary meaning, and are protectable.

43. Defendants, on and in connection with goods, services, and containers for goods, have used in commerce words, terms, names, symbols, and devices, and combinations thereof, and false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which are likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of itself with another person, as to the origin, sponsorship, and approval of their goods, services, and commercial activities by another person, in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a)(1)(A).

44. Defendants, on and in connection with goods, services, advertising materials, websites, and containers for goods, have used in commerce words, terms, names, symbols, and devices, and combinations thereof, and false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which, in commercial advertising and promotion, misrepresent the nature, characteristics, qualities, and geographic origin of their or another person's goods, services, and commercial activities, in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a)(1)(B).

45. By making unauthorized use of Scotts' BUG B GON® mark and related marks, by making false and misleading representations, and by committing other acts of unfair competition, Defendants are engaging in false designation, unfair competition, and false advertising in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

46. Defendants have derived, and continue to derive from the alleged deceptive acts, profits and revenues in an amount that is not presently known to Plaintiffs.

Further, such acts were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the above acts of unfair competition, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

47. By reason of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

## COUNT III:
## FEDERAL CYBERSQUATTING

48. Scotts repeats the allegations in paragraphs 1 through 47 of this Complaint as though fully set forth here.

49. The BUG B GON® mark and related marks were inherently distinctive and had acquired secondary meaning when Defendants, with bad faith intent to profit within the meaning of 15 U.S.C. § 1125(d)(1)(B), registered and/or began to use the <bugsbgone.org>, <bugs-b-gone.com>, <bugs-b-gone.org>, and <bugs-b-gone.info> domain names. The domain names are confusingly similar to and dilutive of Scotts' BUG B GON® mark and related marks.

50. Defendants have derived, and continue to derive from the alleged acts of cybersquatting, profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the above acts of cybersquatting, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial. Defendants reserve their right to pursue statutory damages for Defendants' acts of cybersquatting.

51. By reason of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, with orders to transfer the infringing domain names to the owner of the mark under 15 U.S.C. § 1125(d)(1)(C), the harm to Plaintiffs will continue.

## COUNT IV:
## FEDERAL DILUTION

52. Scotts repeats the allegations in paragraphs 1 through 51 of this Complaint as though fully set forth here.

53. Scotts' BUG B GON® mark and related marks are famous within the meaning of 15 U.S.C. § 1125(c).

54. After Scotts' BUG B GON® mark and related marks became famous, Defendants made, and are continuing to make, commercial use that is likely to or has caused dilution and tarnishing of the distinctive quality of Scotts' BUG B GON® mark and related marks, in violation of 15 U.S.C. § 1114(1) and § 1125.

55. Defendants have derived, and continue to derive from the alleged acts, profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts were made with knowledge of their capacity to dilute and were thus committed intentionally and willfully. By reason of the above acts, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

56. By reason of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

## COUNT V:
## VIOLATION OF OHIO'S DECEPTIVE TRADE PRACTICES ACT

57. Scotts repeats the allegations in paragraphs 1 through 56 of this Complaint as though fully set forth here.

58. By making unauthorized use of Scotts' BUG B GON® mark and related marks, and by committing other acts of unfair competition, Defendants are violating Ohio's Deceptive Trade Practices Act. Ohio Rev. Code §§ 4165.02 and 4165.03.

59. Defendants have derived and continue to derive from the alleged acts profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the above acts, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

60. By reason of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

## COUNT VI:
## DILUTION UNDER OHIO COMMON LAW

61. Scotts repeats the allegations in paragraphs 1 through 60 of this Complaint as though fully set forth here.

62. Scotts owns the BUG B GON® mark and related marks, and those marks are valid, distinctive, and capable of being diluted.

63. Defendants, without authorization, are using Bugs-B-Gone, which is substantially similar to Scotts' BUG B GON® mark and related marks, to promote and sell their own products, which are not Scotts' products.

64. Defendants' conduct has diluted and continues to dilute Scotts' BUG B GON® mark and related marks, by blurring the product identification of Scotts' trademarks, and by tarnishing the affirmative associations that Scotts' trademarks have come to convey, in violation of Ohio common law. United States Playing Card Co. v. Bicycle Club, 695 N.E.2d 1197, 1202 (Ohio Ct. App. 1997).

65. Defendants have derived and will continue to derive from the above-alleged acts profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts were made with knowledge of their capacity to dilute and were thus committed intentionally and willfully. By reason of the above acts, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

66. By reason of Defendants' conduct, Plaintiffs are suffering and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs request judgment as follows:

A. An ORDER declaring that Defendants' use of "Bugs-B-Gone," "Bugs-B-Gone, LLC," <bugsbgone.org>, and all similar names, marks, slogans, packaging, and trade dress, infringes the intellectual property rights of Plaintiffs;

B.     An ORDER enjoining Defendants and their officers, agents, employees, attorneys, and assigns, and all persons in active concert or participation with any of them, as follows:

1. Prohibiting Defendants from manufacturing, selling, shipping, distributing, promoting, marketing, or displaying any products using Bugs-B-Gone, including Defendants' website domain name, or using any similar names, marks, slogans, packaging, domain names, or trade dress;

2. Prohibiting Defendants from using any names, marks, slogans, packaging, or trade dress that incorporate elements of, or that are confusingly similar to, Scotts' BUG B GON® mark and related marks;

3. Prohibiting Defendants from otherwise competing unfairly with Scotts by trading off of Scotts' goodwill and business reputation, or by infringing, misappropriating, or diluting trademarks;

4. Prohibiting Defendants from stating or suggesting, in any advertising materials, promotional materials, or other materials (electronic or otherwise), that they or their products are associated with, related to, approved by, or sponsored by Scotts;

5. Requiring Defendants to discontinue use of their website domain name <bugsbgone.org>, and recall promptly and destroy all

17

packages, containers, advertisements, marketing materials, and other materials that include or display Bugs-B-Gone, or any similar names, marks, slogans, packaging, or trade dress in connection with any pest controls, lawn, and/or gardening products, or other similar products; and

6. Requiring Defendants to transfer the <bugsbgone.org>, <bugs-b-gone.com>, <bugs-b-gone.org>, and <bugs-b-gone.info> domain names, and any similar domain name that Defendants may have registers and/or used, to Plaintiffs under 15 U.S.C. § 1125(d)(1)(C).

7. Requiring Defendants to change the corporate name Bugs-B-Gone, LLC to a non-infringing name.

C. An ORDER requiring Defendants to file with this Court and to serve on Scotts, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. An ORDER requiring Defendants to provide a complete accounting to Scotts for any and all profits realized from the sale of products under and in connection with their infringing use of Bugs-B-Gone; and

E. An award to Plaintiffs of:

1. actual compensatory damages, including but not limited to Defendants' profits and Scotts' damages, in an amount to be determined at trial, for Defendants' violations of federal and Ohio law;

2. treble damages, statutory damages, and any other enhanced damages for Defendants' knowing, intentional, and willful violations of federal and Ohio law;

3. costs and reasonable attorneys' fees incurred by Scotts pursuant to federal and Ohio law; and

4. such other and further relief as this Court deems just and proper.

Plaintiffs request a trial by jury on all claims and defenses so triable.

Respectfully submitted,

s/Erin E. Rhinehart
Erin E. Rhinehart (0078298)
   Trial Attorney
Jade K. Smarda (0085460)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3714
Telecopier: (937) 227-3717
Email: erhinehart@ficlaw.com
      jsmarda@ficlaw.com

Attorneys for Plaintiffs
The Scotts Company LLC and
OMS Investments, Inc.

930679.4